FILED
CLERK, U.S. DISTRICT COURT
04/05/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JAMAL NATHAN DAWOOD,<br>   aka "Jimmy Dawood,"<br><br>      Defendant. | No. 8:23-cr-00038-JVS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Laundering Monetary Instruments; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. §§ 981 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1343]

A.   THE SCHEME TO DEFRAUD

1.   Beginning on an unknown date, but no later than on or about July 23, 2019, and continuing through at least in or around December 2019, in Orange County, within the Central District of California, and elsewhere, defendant JAMAL NATHAN DAWOOD, also known as "Jimmy

Dawood," knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victim T.B. as to material matters, and to obtain money and property from victim T.B. by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2. The scheme to defraud operated, in substance, as follows:

   a. Defendant DAWOOD would offer to assist victim T.B. with the management of real estate properties and retirement savings that victim T.B. had inherited from victim T.B.'s late brother.

   b. Defendant DAWOOD would offer to assist victim T.B. in opening a Bank of America Trust Account ending in 6137 for the retirement savings (the "Trust Account"). In the course of that assistance, defendant DAWOOD would obtain from victim T.B. the information necessary to access the Trust Account.

   c. Without victim T.B.'s knowledge or authorization, defendant DAWOOD would initiate wire and online banking transfers from the Trust Account to accounts owned and controlled by defendant DAWOOD.

   d. Also without victim T.B.'s knowledge or authorization, defendant DAWOOD would initiate wire and online banking transfers from the Trust Account to individuals with whom defendant DAWOOD had personal and business relationships, all to defendant DAWOOD's benefit.

   e. Defendant DAWOOD would also convince victim T.B. to transfer ownership of the real estate properties inherited from T.B.'s brother, as well as ownership of victim T.B.'s personal residence, to various Limited Liability Companies ("LLCs"). Defendant DAWOOD would falsely represent to victim T.B. that victim

T.B. would retain an ownership interest in his residence and the real estate properties through the LLCs. In reality, the LLCs would be controlled by defendant DAWOOD and other individuals with whom defendant DAWOOD had personal relationships.

   f. Through the scheme, defendant DAWOOD fraudulently obtained money and property belonging to victim T.B. totaling at least $2,202,688.

B. <u>USE OF INTERSTATE WIRES</u>

  3. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant DAWOOD, for the purpose of executing the above-described scheme to defraud, caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 9/9/2019 | $731,989.65 wire transfer from the Trust Account to a Bank of America account ending in -1861 |
| TWO | 9/17/2019 | $654,063.80 wire transfer from the Trust Account to a Bank of America Account ending in -6050 |
| THREE | 11/19/2019 | $10,000 online bank transfer from the Trust Account to a Bank of America account ending in -1861 |
| FOUR | 11/26/2019 | $25,000 wire transfer from the Trust Account to an account belonging to the Elliot Institute |
| FIVE | 12/6/2019 | $10,000 online bank transfer from the Trust Account to a Bank of America account ending in -1861 |
| SIX | 12/23/2019 | $3,000 online bank transfer from the Trust Account to an account belonging to C.A. |

3

COUNTS SEVEN THROUGH FIFTEEN

[18 U.S.C. § 1957]

On or about the following dates, in Orange County, within the Central District of California, defendant JAMAL NATHAN DAWOOD, also known as "Jimmy Dawood," knowing that the property involved represented the proceeds of some form of unlawful activity, knowingly engaged in the following monetary transaction of a value greater than $10,000, which property, in fact, was derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One and Two of this Indictment:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| SEVEN | 9/23/2019 | Issuance of check in the amount of $192,874 from Bank of America account ending in -1861 to North Orange County Escrow in connection with the purchase of property at 2506 Foothill Boulevard in La Crescenta, California |
| EIGHT | 9/25/2019 | $267,000 wire transfer from Bank of America account ending in -1861 to a Bank of America account ending in -6887 |
| NINE | 9/25/2019 | $500,000 wire transfer from Bank of America account ending in -6050 to a Bank of America account ending in -6887 |
| TEN | 9/27/2019 | $800,000 wire transfer from Bank of America account ending in -6887 to North Orange County Escrow in connection with the purchase of property at 239 North Brea Boulevard in Brea, California |
| ELEVEN | 10/2/2019 | $25,000 online bank transfer from Bank of America account ending in -1861 to Rodeo Smoke Shop |
| TWELVE | 10/3/2019 | $75,000 online bank transfer from Bank of America account ending in -1861 to Rodeo Smoke Shop |

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| THIRTEEN | 11/6/2019 | Purchase of cashier's check in the amount of $135,534.01 in connection with the payoff of a loan secured against the property located at 15696 Gulfstream, Fontana, California |
| FOURTEEN | 11/6/2019 | $228,254.21 wire transfer from Bank of America account ending in -1861 to North Orange County Escrow in connection with the payoff of a loan secured against the property located at 16557 Montgomery Court, Fontana, California |
| FIFTEEN | 11/6/2019 | $75,000 wire transfer from Bank of America account ending in -1861 to North Orange County Escrow in connection with the payoff of a loan secured against the property located at 15696 Gulfstream, Fontana, California |

COUNT SIXTEEN

[18 U.S.C. § 1028A]

On or about August 24, 2019, in Orange County, within the Central District of California, defendant JAMAL NATHAN DAWOOD, also known as "Jimmy Dawood," knowingly transferred, possessed, and used, without lawful authority, a means of identification that defendant DAWOOD knew belonged to another person, namely, the account number for the Bank of America account belonging to T.B., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant JAMAL NATHAN DAWOOD's conviction of any of the offenses set forth in Counts One through Six of this Indictment.

2. Defendant DAWOOD, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant DAWOOD, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant DAWOOD, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

1 substantially diminished in value; or (e) has been commingled with
2 other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of defendant JAMAL NATHAN DAWOOD's conviction of any of the offenses set forth in Counts Seven through Fifteen of this Indictment.

2. Defendant DAWOOD, if so convicted, shall forfeit to the United States of America the following:

    (a) Any property, real or personal, involved in any such offense, and any property traceable to such property; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), defendant DAWOOD, if so convicted, shall forfeit substitute property, if, by any act or omission of defendant DAWOOD, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

                                        A TRUE BILL

                                        /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

KRISTIN N. SPENCER
MELISSA S. RABBANI
Assistant United States Attorneys
Santa Ana Branch Office